## EX PARTE J. H. TOWNSLEY

No. A-6037. Decided December 12, 1956.
(297 S.W. 2d Series 111)

*Tom C. McMurray*, of Decatur, for relator.

*H. G. Woodruff*, of Decatur, for respondent.

MR. JUSTICE WALKER delivered the opinion of the Court.

This is an original habeas corpus proceeding. Relator J. H. Townsley, has been adjudged in contempt by the 43rd District Court of Wise County for failure to make payments for the support of his minor child as required by the divorce judgment entered by said Court on August 28, 1951. The contempt decree fixed the punishment at seventy-two hours in jail, and directed that relator continue in jail until he purged himself by paying the $2,400.00 found to be in arrears. We have concluded that relator must be discharged.

Relator was ordered by the divorce decree to make child support payments of $40.00 per month, beginning September 1, 1951, and only one such payment has been made. The record contains evidence which supports the conclusion that he was able to pay one or more of the delinquent installments as they accrued, and he was therefore subject to the punishment authorized by Art. 1911, Vernon's Ann. Texas Civ. Stat., even though at the time of the hearing he may have been unable to pay the full amount in arrears. Ex Parte De Wees, 146 Texas 564, 210 S.W. 2d 145. It appears, however, that relator remained in jail for more than three days before being released on bail by order of this Court, and we are concerned only with the power of the trial court to order that he be confined until the $2,400.00 is paid.

The evidence bearing upon relator's ability to pay at the time of the contempt hearing is not controverted. Shortly be-

fore the divorce was granted, he failed in the monument business and was adjudged a bankrupt and discharged. He remarried soon after the divorce and moved to New Mexico, where an automobile business was established with funds borrowed from his mother and from other sources. This business venture also failed, and relator and his wife then lived and worked for a time in Dallas, but eventually moved to Wise County and made their home with his mother. After returning to Wise County, relator made a race for State Representative but was defeated, and his efforts to find work in Decatur, Dallas and Fort Worth have been unsuccessful. The wife is employed in her father's grocery store, but her suit against relator for divorce is pending.

At the time of the contempt hearing, relator was unemployed and physically unable to do manual labor, and had no money or property except a Chevrolet automobile. The automobile was purchased at a cost of $2,000.00 about nine months before the hearing. $400.00 of the purchase price was loaned to relator by his mother, and the remainder was borrowed from a bank and is secured by a mortgage on the vehicle. The balance unpaid on the encumbrance is $1,400.00, and the bank has indicated that the car will be repossessed if the loan is not paid at once. Relator also owes several thousand dollars to his mother and other parties. He has recently borrowed about $100.00 from his attorney to pay living expenses, but he has been unable to obtain any other loans. The mother is furnishing his meals but has no funds which he might borrow.

While an original habeas corpus proceeding in this Court is a collateral attack on the contempt decree, we treat the contempt order as void if the evidence offered at the hearing conclusively establishes involuntary inability to perform. Ex Parte White, 154 Texas 126, 274 S.W. 2d 542. It is our opinion that the record in this case conclusively establishes that at the time of the contempt hearing relator did not have, and had no source from which he might reasonably be expected to obtain, the $2,400.00 in arrears. There is no intimation that he has disposed of property or taken any other action for the purpose of rendering himself incapable of paying this amount. We hold, therefore, that the trial court exceeded its power in ordering that he be imprisoned until the $2,400.00 is paid.

The relator is discharged.

Opinion delivered December 12, 1956.