Ex parte Antonio L. GONZALES, Relator.

No. B–113.

Supreme Court of Texas.

May 3, 1967.

Peter S. Navarro, Jr., Houston, for relator.

Victor R. Blaine, Houston, for respondent.

NORVELL, Justice.

We need not discuss all the contentions raised in relator's brief because he must be discharged as the evidence adduced at the hearing which resulted in his commitment establishes his involuntary inability to comply with the court's order requiring the relator to make child support payments. Ex parte De Wees, 146 Tex. 564, 210 S.W.2d 145 (1948); Ex parte White, 154 Tex. 126, 274 S.W.2d 542 (1955); Ex parte Padfield, 154 Tex. 253, 276 S.W.2d 247 (1955); Ex parte Kollenborn, 154 Tex. 223, 276 S.W.2d 251 (1955).

The following constitutes a chronological statement of the facts:

February 5, 1957—Relator, Antonio L. Gonzales, was divorced from Beatrice Ramirez Gonzales and directed to pay the sum of $15.00 per week to the Probation Department of Harris County, Texas, until the couple's two minor children "shall become 18 years of age".

January 9, 1967—Antonio L. Gonzales was found guilty of contempt of court for failing to make the child support payments as ordered by the February 1957 decree. As punishment, he was ordered confined to the county jail for a period of three days. The coercive portion of the order directed that relator be further confined by the Sheriff of Harris County "until he shall have purged himself of said contempt by paying to the Harris County Probation Department the sum of $490.00 as child support for his minor children and all costs of court accrued herein; * * *".

January 15, 1967—Relator filed a sworn application for discharge from imprisonment for contempt of court in which he stated that he was confined in the Harris County jail because of his failure to pay the sum of $490.00 back child support, plus $29.00 court costs; that he was unable to pay such sums or any part thereof; that he had a second family consisting of a wife and seven children; and that he was unemployed and had no money. This motion was overruled by the trial court on January 30, 1967, apparently without hearing evidence.

February 22, 1967—Writ of habeas corpus was granted by this Court and the case set for hearing at which time the attorney for relator appeared, but respondents have neither appeared nor filed a brief herein.

Despite the direction of Article 2324, Vernon's Ann.Tex.Stats. that, "Each Official Court Reporter shall: Attend all sessions of the court; take full shorthand notes of all oral testimony offered in cases tried in said courts," etc., there apparently was no court reporter in attendance at the hearing held on January 7, 1967. However, relator has filed a brief narrative statement of facts agreed to by the relator and the attorney for Beatrice Ramirez Gonzales. No objection has been raised to the filing of this statement of facts in this Court.

The relator and his former wife were the only witnesses heard. Beatrice Ramirez Gonzales testified that she still had custody of the two minor children, that relator had been irregular in his weekly support payments, that the last payment received from him was two months ago and that he was $490.00 in arrears with his support payments. She gave no testimony as to his employment, working capabilities and the like.

The relator testified that he was not steadily employed; that because of this, his earnings were not constant but varied from time to time depending upon his employment, and that at the present time he had no money to pay on the child support payments which he owed.

Relator had served the three days assessed against him as punishment for his disobedience of the court's support order at the time we granted the writ and we are concerned only with the coercive part of the order. Ex parte De Wees, 146 Tex. 564, 210 S.W.2d 145 (1948). Cf. Ex parte Jones, 160 Tex. 321, 331 S.W.2d 202 (1960) as to punitive and coercive orders.

Although the only testimony as to his inability to pay the back support payments because of a lack of employment came from the relator, it was of a nature that could have been contradicted either directly or circumstantially, if untrue. No attempt at contradiction was made and, accordingly, we cannot disregard the direct although brief statements of relator as to his financial condition and inability to secure steady employment. Upon the record before us, we must conclude that relator cannot effect his own release by complying with the court's order to pay up his arrearages. "The law is, of course, well settled that inability to comply with an order requiring the payment of money, resulting from poverty, insolvency, or other cause not attributable to the fault of the party charged, will under ordinary circumstances be received as a valid excuse from the consequences of contempt, * * *". In re Sobol, 242 F. 487 (2d Cir. 1917). As stated in Ex parte De Wees, 146 Tex. 564, 210 S.W.2d 145 (1948), "To order that one be imprisoned for an indefinite period of civil contempt is a purely remedial measure. Its purpose is to coerce the contemner to do an act within his or her power to perform. He must have the means by which he may purge himself of contempt".

The relator is discharged.