**Ex parte John HOWE, Relator.**

No. 15683.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 30, 1970.

W. W. Kilgarlin, Houston, for relator.

ORIGINAL HABEAS CORPUS

BELL, Chief Justice.

This is an original habeas corpus proceeding by which the Relator, John Howe, seeks his discharge from the custody of the Sheriff of Harris County. He is in custody by virtue of a commitment issued by the District Clerk of Harris County pursuant to a judgment of the Domestic Relations Court No. 4 of Harris County finding Relator in contempt of court for failure to pay $400.00 per month child support previously ordered for his two children. The court found Relator to be delinquent in the amount of $7,075.00. The order also allowed Virginia Howe, the former wife and

complainant, an attorney's fee of $100.00. The court fixed punishment at confinement in jail for three days and further provided that Relator be confined until he purged himself by paying the delinquency, attorney's fees and costs of court.

Relator was taken into custody May 20, 1970 and remained in jail until June 15, 1970, when he was released on a $1,000.00 bond fixed by this court. Relator has thus served the punishment fixed for failure to pay support. This court is concerned only with the coercive part of the order which requires Relator's continued confinement until he purges himself of contempt by paying the delinquency, attorney's fee and costs of court.

■ Where it is not within the power of the person to perform the act which alone will purge him of contempt, the court is without power to imprison him for an indefinite term as punishment for an offense already committed. Ex Parte De Wees, 146 Tex. 564, 210 S.W.2d 145 (Tex. S.Ct.) ; Ex Parte Helms, 152 Tex. 480, 259 S.W.2d 184 (Tex.S.Ct.) ; Ex Parte Ramzy, 424 S.W.2d 220 (Tex.S.Ct.).

■ A proceeding in this court is a collateral attack upon the order of contempt and the court treats the order as void if the evidence offered at the hearing conclusively establishes that at the time of the contempt hearing Relator did not have, and had not, any source from which he might reasonably expect to obtain the amount in arrears and any costs and attorney's fee adjudged against him. Ex Parte Townsley, 156 Tex. 402, 297 S.W.2d 111 (Tex. S.Ct.) ; Ex Parte Rohleder, Jr., 424 S.W. 2d 891 (Tex.S.Ct.) ; Ex Parte Gonzales, 414 S.W.2d 656 (Tex.S.Ct.).

The statement of facts before us reflects all the testimony given in a hearing before the trial court June 8, 1970, on a motion by Relator that he be released from jail. He was remanded to custody after such hearing.

■ He could have appealed from such order, but we hold he may also resort to a writ of habeas corpus here. Ex Parte Fiedler, 446 S.W.2d 698 (San Antonio Court of Civil Appeals).

■ Relator is 45 years old. He obtained a degree in civil engineering from the University of Michigan. Until June of 1967 he was working as an engineer in Fort Worth and was earning about $1,600.-00 per month before taxes. In 1967 he was, because of cut back in the type of work he was doing, to be transferred to Orlando, Florida, at a cut in pay. He did not go to Florida. He and another man bought a club in Fort Worth named El Matador. His partner died in 1968. In 1968 his W–2 Form, introduced in evidence, showed he earned $4,080.00 from the club which went out of business in July, 1968. After this he contracted for four or five small remodeling jobs. From these he earned about $1,800.00 in 1968. In 1969 he earned $1,980.00 doing remodeling work. In 1970, up to the time of his arrest in May under the above mentioned commitment, he earned $450.00. He testified he had been unable to get a steady job. At the hearing in June, 1970, his present wife had borrowed $650.00 from her employer, which he had at the June hearing. He testified he had no other money. He had a van truck worth about $1,100.00. He could borrow $500.00 on it to pay off $500.-00 of the money borrowed by his wife. He had two sisters but they were in no position to help him. He stated his parents were retired. They are each about 74 years of age. They live on retirement income. They don't have any money. His father was rather successful for fifty years of his life. He imagined he might have "salted" a little money away for his old age. He really didn't know. He stated at one point he had absolutely no way of getting them to come up with some money. When asked if he had tried, he stated, "I wouldn't ask them. I don't know what their finances are and I don't care. They weaned me when I was thirteen years old

in the back end of a dump truck." His parents live in a senior citizens complex in Palm Desert, California.

On cross-examination he stated he knew of no property his father had recently sold. He wouldn't ask his father for a loan. He stated his father had no property except a two bedroom condominium for which he paid $12,000.00. He did not know how much cash he had. He also stated he did not know that his father had any cash. While in answer to a question whether he would be willing to ask for a loan if his father had a large amount of cash, the witness was not, because of an objection, allowed to complete his answer; he did say, "He hasn't got a large * * *" The effect of the question and answer is to show Relator was saying his father did not have a large amount of cash. Relator has been living with his wife in her home in Fort Worth the past two years. This home was owned by his wife before their marriage. A teenage child of his wife also lives there. He has a few electronic tools and a few hand tools used in general contracting work.

On redirect he stated he had no bank account, no stock and no real or personal property except the truck.

Mrs. Howe, Relator's present wife, testified. She is employed as a secretary at a salary of $125.00 per week. Her home came to her from her deceased husband. Her 17 year old child is living with her. She owns 7 shares of stock worth $8.00 per share. She owns a 1966 Pontiac. Relator, since the club was sold in July, 1968, has had several things "working" that just didn't work out. Relator has lived in her home the past two years. He has done part time work for two months in another club in Fort Worth. She had no source from which to borrow any more money. She borrowed the $650.00 she had in court from her boss. She couldn't borrow any more.

We are of the view that all of the testimony shows that Relator has no money with which to pay. It also establishes that he has only the 1967 truck worth $1,100.00. With this want of property and want of a job we are of the view there is no source from which he could reasonably be expected to obtain the money necessary to purge himself of contempt. We think it wholly unreasonable, under the facts of this case as above recited, to expect that his 74 year old parents are a source from which he could obtain about $7,900.00. The fact that Relator was in jail 25 days until released by us on bond is strongly corroborative of his inability to free himself. Ex Parte Fiedler, supra.

Relator is ordered discharged.