**Ex parte James H. HANDLY.**

**No. 446.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 18, 1970.

Harry P. Jarvis, Houston, for appellant.

Dan Howell, Houston, for appellee.

SAM D. JOHNSON, Justice.

Original habeas corpus proceeding wherein James H. Handly, the Relator, seeks his discharge from the custody of the sheriff of Harris County. He is in custody by virtue of a commitment issued by the trial court in a child support case. The commitment was issued by the District Clerk of Harris County pursuant to a judgment of the Court of Domestic Relations No. 2 of Harris County, finding him in contempt of court.

Sandra Lee Handly was granted her divorce on Aril 24, 1968 at which time Relator was ordered to pay $150.00 per month child support for his two minor children.

Within four months of the divorce, upon application of his former wife for a contempt order, Relator was adjudged in contempt for failure to pay child support. A subsequent application for a second contempt order appears to have been dismissed for want of prosecution. According to the testimony of the former wife this action was taken because the Relator was out of the state. On March 5, 1970, a third application for a contempt order was made. Relator was again adjudged in contempt for failure to pay child support and the court's order directs that an additional $50.00 per month be paid as a condition of the Relator's purging himself.

Subsequently the instant action was taken which again was an application for a contempt order by Relator's former wife. Relator herein was adjudged in contempt for failure to pay $150.00 per month child support previously ordered and the court found him to be delinquent in the amount of $2,338.00. The order further allowed the former wife an attorney's fee of $100.-00. The court fixed punishment at confinement in jail for three days and provided that Relator be confined until he purged himself by paying the delinquency, attorney's fees and costs of court.

Relator was taken into custody October 22, 1970 and remained in jail until October 26, 1970 when he was released on $500 bond fixed by this Court. Relator has thus served the punishment fixed for failure to pay support and this Court is concerned only with the coercive part of the order which requires Relator's continued confinement until he purges himself of contempt

by paying the delinquency, attorney's fees and costs of court.

█ Where it is not within the power of the person to perform the act which will alone purge him of contempt, the court is without power to imprison him for an indefinite term as punishment for an offense already committed. Ex parte DeWees, 146 Tex. 564, 210 S.W.2d 145; Ex parte Helms, 152 Tex. 480, 259 S.W.2d 184 (1948); Ex parte Ramzy, 424 S.W.2d 220 (Tex.Sup.1968).

A proceeding in this Court is a collateral attack upon the order of contempt and the Court must treat the order (its coercive portion) as void if the evidence offered at the hearing conclusively establishes that at the time of the contempt hearing Relator had no source from which he might reasonably expect to obtain the amount in arrears and any costs and attorney's fee adjudged against him. Ex parte Townsley, 156 Tex. 402, 297 S.W.2d 111 (1956); Ex parte Rohleder, 424 S.W.2d 891 (Tex.Sup. 1967); Ex parte Gonzales, 414 S.W.2d 656 (Tex.Sup.1967).

The substance of the testimony of the former wife was that Relator was delinquent in child support payments, that he had left the state for a period of time and upon returning had made no payments for an extended number of months. She testified that the Relator was able to work and that jobs were offered to him but he was "too particular." She testified that she worked as a cashier at a motor hotel and clearly portrayed the need for Relator's compliance with the child support orders to support their children.

Relator's testimony showed that he had remarried. He testified that he left the state and did so out of fear of other legal action. He testified that he had missed work because of illness and had suffered business reversals. He testified that he had no money or other assets of any nature from which he could pay the amount due though he did state that he had an automobile that was necessary in his work. He also testified that he had attempted, without success, to borrow money from his mother, step-father, grandparents and employer. The named members of his family were either retired, on a pension or otherwise unable to help him. His testimony relative to his inability to borrow money was corroborated by his grandmother and by his employer.

Relator testified that he was employed as a credit or collection manager for a finance company, where his take-home pay was approximately $438.00 per month out of a gross pay of $600.00 per month. He testified that his present wife had experienced some difficulty and did not work.

We are confronted with a record wherein the Relator, corroborated by other witnesses, has clearly testified to his inability to comply with the order of the court relative to the total of the accumulated child support payments due. In a similar circumstance, Justice Norvell, speaking for the Court in Ex parte Gonzales, supra, at p. 657, stated: "Although the only testimony as to his inability to pay the back support payments because of a lack of employment came from the relator, it was of a nature that could have been contradicted either directly or circumstantially, if untrue. No attempt at contradiction was made and, accordingly, we cannot disregard the direct although brief statements of relator as to his financial condition and inability to secure steady employment."

█ In the instant case the Relator's testimony does not stand alone. It was corroborated by two other witnesses. No attempt was made to refute or contradict any of the affirmative statements of inability made by any of these witnesses. See Ex parte Gonzales, supra. We cannot say that the fact that the Relator has take-home pay of $438 per month gives assurance that he could pay the arrearage of $2,338, particularly when he stands obligated to pay $200 per month on a current basis.

The Relator has not been shown to have the means by which he may purge himself of contempt, Ex parte DeWees, supra, and must be discharged.