In the Interest of Amy Nichole WHIT-
TINGTON, a minor.

No. 7686.

Court of Civil Appeals of Texas,
Beaumont.

March 20, 1975.

C. Sidney McClain, Dallas, for appellant.

Irving W. Queal, III, Dallas, for appellee.

KEITH, Justice.

The only question presented: Does Tex. Family Code Ann. § 14.08(d) (1975), V.T.C.A., prohibit the modification of a support order earlier than one year after the date of the initial decree?

The divorce decree was entered on January 17, 1974, with the mother being appointed managing conservator, although the phrase was not used in the decree. Our appellant, the father of the child, was ordered to pay $125 for the support of the child. On June 11, 1974, the father filed his verified motion in the same court seeking a reduction of the support payment to $75 per month. He alleged that at the time of the entry of the decree he was regularly employed by a public utility and earning approximately $800 per month; that less than a month thereafter, he was discharged from such employment and had been unable to obtain regular employment, "although he has made diligent efforts to do so." Appellant also alleged that he did not have any regular employment and was unable to anticipate when he might obtain such employment "comparable to that he had at the date of the divorce."

The trial court dismissed the father's motion without prejudice to its being refiled because it had "been made earlier than one year after the date of the initial Decree, and that the Court has no reason to believe that the child's present environment may endanger her physical health or significantly impair her emotional development." Although the order dismissing the motion to reduce the support order recites the appearance of the mother and her counsel, no pleadings in her behalf were filed and she has not favored us with a brief.

It is apparent that the trial court relied upon Tex. Family Code Ann. § 14.08(d) (1975), quoted in the margin.[1] It is noted that although the word "support" appears in ¶ (a) of § 14.08 (and in §§ 14.06 and 14.07 immediately preceding), it is not included in the quoted subsection.

We have no case law on the interpretation of the subsection so we turn to "Texas Family Code Symposium," 5 Tex.Tech.L. Rev. 434 (1974), where we find these comments:

"Subsection (d) [of § 14.08] is derived from section 409 of the proposed Uniform Marriage and Divorce Act. It is designed to balance finality (and continuity) with danger to the child. The section will require an initial determination by the court of whether the facts sworn to in the motion to modify justify a hearing. A simple allegation that the child's 'best interst' requires a modification of the preceding order is insufficient to justify a hearing. Only if the court finds adequate cause, i. e., reason to believe that there is significant danger to the child's physical and mental welfare, may it set the case for hearing."

Obviously, a motion for reduction —or increase—in the child support has only a peripheral bearing on the child's physical and mental welfare. It is equally apparent that this subsection was designed to assure a degree of stability in a young child's home and surroundings—not the details of the financial contributions to be made by the parents. To this extent, the comment in the law review cited above is in harmony with the earlier law as enunciated in the pre-code cases. See, e. g., Mumma v. Aguirre, 364 S.W.2d 220, 221 (Tex.1963).

The Legislature made other significant changes in the law with reference to support payments. Subsection (c) of § 14.08 has placed an additional penalty upon an obligor who does not promptly seek court relief: the modification can be made only as to prospective payments not to those

---

1. "No motion to modify the decree of conservatorship may be made earlier than one year after the date of the initial decree unless the court decides on the basis of affidavit that there is reason to believe that the child's present environment may endanger his physical health or significantly impair his emotional development. The affidavit shall set forth facts supporting the requested modification and shall be submitted with the motion to modify. The court shall deny the motion to modify unless it finds adequate cause for hearing the motion, in which case the motion shall be set for hearing."

which have accrued. Additionally, § 14.-09(c), providing for the enforcement of past due payments "by any means available for the enforcement of judgments for debts" is new to the practice. See Ex parte Hooks, 415 S.W.2d 166, 168 (Tex. 1967), where the Court said: "There is no power to enforce a support judgment by execution."

■ We decline to follow the trial court's interpretation of the quoted subsection. Under such construction, support orders could be increased during the first year; but, a reduction would be impossible to procure. Upon a finding "that the child's present environment may endanger his physical health or significantly impair his emotional development"—because insufficient support payments were provided by the original order, such a condition could be corrected by a modification of the support payment upward. Conversely, it is difficult, if not impossible, to conceive of a fact situation [under the quoted phrase] which would authorize a reduction in the amount of support.

■ In the meanwhile, even though the obligor of the support is in destitute circumstances and finds it impossible to perform, his obligations continue to mount; obligations which are enforceable "by any means available for the enforcement of judgments for debts." We need not decide in this case whether the defense of impossibility of performance to a contempt action is still available to a delinquent obligor.[2]

In the case at bar, the trial court has closed the courthouse doors to the appellant for a period of one year. Thus, there is no means available to appellant—regardless of the merits or lack thereof of his motion—whereby he can even be heard. Meanwhile, the support payments continue

to accrue. We are unwilling to hold that such a result was one within the contemplation of the Legislature.

The judgment of the trial court is reversed and the cause is remanded.

2. It has long been recognized in Texas that impossibility of performance is a defense to a contempt action arising out of failure to comply with a support order. See, e. g., Ex parte

De Wees, 146 Tex. 564, 210 S.W.2d 145, 147 (1948); Ex parte Gonzales, 414 S.W.2d 656 (Tex.1967); Ex parte Rohleder, 424 S.W.2d 891, 892 (Tex.1967).