Ex parte Susan **MINKS**, Relator.

No. 16012.

Court of Civil Appeals of Texas, San Antonio.

Feb. 1, 1978.

J. C. Grossenbacher, Jr., San Antonio, for relator.

Cynthia Day King, San Antonio, for respondent.

MURRAY, Justice.

This is an original habeas corpus proceeding. Relator, Edith P. Minks, had been adjudged in contempt by the 166th District

Court of Bexar County for failure to deliver her two children, Susan Minks and Troy Minks, into the possession of James F. Minks, father of the two children and the ex-husband of relator.

Edith P. Minks and James F. Minks were divorced in the State of Kentucky, and Edith P. Minks was granted custody of their two children. On December 6, 1977, an order was entered by the Court in Kentucky changing the custody of the two children from Edith P. Minks and granting the custody to James F. Minks. On January 16, 1978, James F. Minks filed his application for writ of habeas corpus alleging the children were illegally restrained by the said Edith P. Minks and prayed that the children be returned to James F. Minks. On January 17, 1978, a hearing was held on the application of James F. Minks on the writ of habeas corpus. At this hearing the relator, Edith P. Minks, was ordered by the court to deliver such children to applicant forthwith. Although no written affidavit of contempt was filed, the court held a contempt hearing on the afternoon of the same day, January 17, 1978, and adjudged relator, Edith P. Minks, in contempt of court for violation of court order and the court found that:

Respondent, Edith P. Minks, has failed and refused to obey the Order of this Court in that Respondent refused to deliver or cause to be delivered the children, Susan Minks and Troy Minks, to the 150th Judicial District Court in Bexar County Texas into the possession of James F. Minks.

The contempt order provided that relator, Edith P. Minks, be committed to jail until such time as she delivers or causes to be delivered the children, Susan Minks and Troy Minks, into the possession of James F. Minks. Relator has filed a writ of habeas corpus in this Court and was released on bail by order of this Court, and we are now concerned only with the power of the trial court to order the indefinite commitment of relator on January 17, 1978, until she delivers the children to the possession of James F. Minks.

An original habeas corpus proceeding in this Court is a collateral attack on the contempt decree. However, we treat the contempt order as void if the evidence offered at the hearing conclusively establishes that at the time of the contempt hearing relator did not have the power to deliver the children forthwith. *Ex parte Townsley*, 156 Tex. 402, 297 S.W.2d 111 (1956). She must be able to perform the order of the Court, for if her inability is conclusively shown, the trial court has no power to order the coercive imprisonment. *Ex parte De Wees*, 146 Tex. 564, 210 S.W.2d 145 (1948).

The undisputed testimony of the relator at the hearing was to the effect that two days before the writ of habeas corpus was filed she had sent the two children to Florida to visit relatives. She stated in open court that she was willing to turn the children over to the father as soon as possible.

At the close of the hearing on the morning of January 17, 1978, relator testified in part as follows:

THE COURT: Ms. Minks do you understand that I am ordering you to deliver those two children to the father?

MS. MINKS: Yes, I do.

THE COURT: And is there any doubt in your mind about obeying this Court's order?

MS. MINKS: No there is no doubt.

THE COURT: And it is not going to be necessary for a Deputy Sheriff to come for you, I hope?

MS. MINKS: No it won't be necessary.

\*     \*     \*     \*     \*     \*

THE COURT: We will stand in recess.

\*     \*     \*     \*     \*     \*

On the orders of the court relator was in the custody of the bailiff during the recess. When the hearing was resumed in the afternoon the testimony followed in part:

THE COURT: Ms. Minks, do you desire to tell this Court where these children are?

MS. MINKS: I do not have the children.

THE COURT: My question is: Where are they?

Ms. Minks: They are in Fort Myers.

THE COURT: And they are there in whose custody and under what circumstances?

MS. MINKS: They are with my Aunt.

THE COURT: When did you send them there?

MS. MINKS: Three days ago. . .

THE COURT: How long is it going to take you, if you are inclined to do it, to get those children back here to San Antonio?

MS. MINKS: It depends on when I can get them back here, as far as schedule—plane schedules and so on. I would certainly say not before Friday.

THE COURT: I think it can be done either some time tonight or tomorrow. Now, if you are willing to do that, I will give you the opportunity right now to make whatever contacts are necessary in order to make those arrangements.

(Whereupon, at the conclusion of a recess, the following proceedings were had before the Court: )

THE COURT: Ms. Minks, I think, or Ms. Heren as the case may be, I have given you an opportunity—you indicated that the children were in Florida—to make contact with their Aunt to whom you sent—

MS. MINKS: (Interjecting) Yes.

THE COURT: (Continuing)—the children. You haven't been able to make contact; is that right?

MS. MINKS: No, sir.

THE COURT: So I presume then that your mother or someone else in your behalf is going to make contact and get those children on the plane as soon as possible.

MS. MINKS: Yes. . . .

THE COURT: This Court is of the opinion that those children were sent to Florida in an attempt to defeat the jurisdiction of this Court.

MS. MINKS: I didn't know this was coming up.

THE COURT: You told me they were sent there when—two or three days ago?

MS. MINKS: Three days ago.

THE COURT: And under the existing circumstances, this Court adjudges you in contempt and orders you committed to the Bexar County Jail until you purge yourself of the contempt by either delivering the children, Troy and Susan, or causing the children to be delivered to their father, James F. Minks, here at this Courtroom.

We hold that the above testimony of relator is clear and positive and there are no circumstances in evidence tending to discredit or impeach it. The record conclusively establishes that at the time of the contempt hearing relator did not have the power to deliver the children forthwith.

Relator is ordered discharged.