**Ex parte Ira ANDREWS, Relator.**

No. 17056.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 27, 1978.

Carol J. Carrier, Houston, for appellant.

G. Keith Anders, Houston, Donna M. Bobbitt, Harris County Child Support Enforcement Division, Houston, for appellee.

EVANS, Justice.

Relator brings this original habeas corpus proceeding, contending that the judgment of contempt and commitment order are void because he is unable, through no fault of his own, to obey the court's order.

The order of commitment dated October 6, 1977, finds relator to be in arrears of child support payments in the total sum of $900.00, adjudges his punishment for such contempt at confinement in the county jail for a period of one day and directs that he be further confined until he shall have purged himself of the contempt by paying the sum of $400.00, as child support payments and court costs.

Attached to the back of relator's application for writ of habeas corpus is a typed statement, signed but not sworn to by relator, in which he states that on October 6, 1977, he did not have any money or any means of obtaining money, and that he was presently unemployed and without funds.

Relator has filed a statement of facts containing his testimony given at the contempt hearing. He testified that he had received a back and leg injury in August, 1976, prior to the time his wife filed the application for contempt, and that at the time of the hearing he was not working. He could not lift anything, could hardly walk and was under a doctor's care. He had filed a workman's compensation suit for damages resulting from the accident in which he had been injured, and his lawyer was letting him drive a 1969 Cadillac to go back and forth to the doctor. He was not receiving weekly compensation checks, but had received a check for approximately $1,600.00 in February, 1977.

■ Where a party charged with contempt for failure to comply with a court order requiring the payment of money, shows that such failure resulted from poverty, insolvency, or other cause not attributable to his own fault, such showing will ordinarily relieve him from the consequences of contempt. *Ex parte Gonzales*, 414 S.W.2d 656 (Tex.1967). However, it is such party's burden to show the basis for his inability to comply with the court's order. *Ex parte Padfield*, 154 Tex. 253, 276 S.W.2d 247 (1955), and the evidence presented on behalf of the party charged

must conclusively establish his involuntary inability to perform. *Ex parte Kollenborn*, 154 Tex. 223, 276 S.W.2d 251 (1955).

■ Where the party charged with contempt claims that he was financially unable to make the required payment, he ordinarily must establish (1) that he lacked sufficient personal or real property which could be sold or mortgaged to raise the needed sum; (2) that he had unsuccessfully attempted to borrow the sum from financial institutions; (3) and that he knows of no other source including relatives from whom the sum could be borrowed or otherwise secured. *Ex parte Hennig*, 559 S.W.2d 401, 402 (Tex.Civ.App.—Dallas 1977, no writ). He must show "without substantial contradiction in the record that he was unable at the time of the hearing to do the act required by the judgment as a condition for release from custody." *Ex parte Deckert*, 559 S.W.2d 847 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

■ Relator presented no evidence as to his financial condition except as has been stated. He made no attempt to account for the $1,600.00 he had received in compensation benefits in February, 1977, nor did he offer any testimony indicating what efforts he had made to secure funds from other sources to meet the required payments. On the basis of the record before this court, relator has not demonstrated an inability to comply with the court's order.

■ Relator's counsel further argues that relator appeared on his own behalf at the contempt hearing and that due to his lack of education and legal training he was unable to bring forward the necessary facts with respect to his financial capability. Thus relator argues, in effect, that he was denied due process by reason of the trial court's failure either to provide counsel to represent him at the contempt hearing or to elicit from him all of the relevant facts and circumstances concerning his inability to make the required payments.

The nature of this argument raises serious constitutional questions. (See: *Ex parte Wilson*, 559 S.W.2d 698 (Tex.Civ.App.

—Austin 1977, no writ.) However, relator's application for writ of habeas corpus does not show that relator requested that the court appoint counsel to represent him at the contempt hearing or that he was at that time indigent and, thus, unable to retain counsel at his own instance. Neither does the record affirmatively show that relator was prevented from testifying fully with respect to all of the facts and circumstances bearing upon his ability to comply with the court's order. Under such circumstances relator has shown no basis for relief.

The application for Writ of Habeas Corpus is denied, and Relator is remanded to the custody of the Sheriff of Harris County, Texas.