**Ex parte Joe Don RAYMER.**

No. 07–82–0346–CV.

Court of Appeals of Texas, Amarillo.

Dec. 20, 1982.

Robert E. Barfield, Amarillo, for relator.

Vann Pressley, Amarillo, for respondent.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This is an original habeas corpus proceeding. Relator was held in contempt by the 181st District Court of Randall County for failing to make child support payments and was sentenced to pay a fine of $1.00, serve six months in the county jail and remain confined "until he has paid the arrearages found herein [$3070.00] and the costs of court of this proceeding or until further Order of this Court." Released on bond by this court pending further proceedings, Tex. R.Civ.Pro. 383a, Relator contends by a single point of error that his pending confinement is illegal because he is financially unable to obey the child support order. We conclude that Relator is entitled to be relieved from that portion of the sentence confining him until he has paid the arrearages, but deny all other requested relief.

■ Relator and his former wife were divorced in February of 1981 and Relator was ordered to pay $250.00 per month in child support, beginning on March 1, 1981. At the show cause hearing that led to his confinement, the parties stipulated that Relator was $3070.00 delinquent in child support payments. After hearing testimony from both parties, the trial court found Relator in contempt and, first, sentenced him to six months in jail and a $1.00 fine for failing to pay the support ordered by the court. That sentence, for criminal or penal contempt, is authorized by Tex.Rev. Civ.Stat.Ann. art. 1911a (Vernon Supp. 1982), as punishment for failure to obey the orders of the court. The court then sentenced Relator to remain in jail, until he purged himself of contempt by paying past due child support and costs of the contempt hearing. That sentence, for civil contempt, is of indefinite duration and designed to coerce Relator into compliance with the court order he has violated. Relator determines the duration of the latter sentence by deciding if, and when, he will obey the court order he has violated; thus, he carries the jail keys in his pocket. *Ex parte Werblud,* 536 S.W.2d 542, 545 (Tex.1976). Because Relator's original habeas corpus proceeding in this court is a collateral attack on the contempt judgment, *Ex parte Supercinski,* 561 S.W.2d 482 (Tex.Cr.App.1977), his burden is to convince the appellate court that the judgment is void. *Ex parte Dustman,* 538 S.W.2d 409, 410 (Tex.1976).

■ We will first review the sentence for criminal contempt. In that regard, Relator must demonstrate that he established conclusively in the trial court, i.e., as a matter of law, that it was impossible for him to obey the court order at the time performance was due. *Ex parte Andrews,* 566 S.W.2d 668 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). As a practical matter, that means Relator must conclusively demonstrate that, as each payment came due, he could not pay it. If Relator fails to carry that burden as to even one delinquent payment, the criminal contempt judgment is not void. See *Ex parte Townsley,* 156 Tex. 402, 297 S.W.2d 111 (1956); *Ex parte Rohleder,* 424 S.W.2d 891 (Tex.1967).

■ It is apparent from the record before us that Relator did not carry his burden. He presented evidence of his income and business expenses for the ten months preceding the hearing, during which he had made no child support payments. That evidence shows that for the ten month period he netted slightly over $1200; however, for one of those months, March, 1982, Relator netted approximately $2500, but he did not make a child support payment for that month "[b]ecause I wanted to see what the following month was going to do to me." Thus, Relator had the ability to make a number of payments, but did not do so. It follows that he failed to conclusively demonstrate his inability to pay each payment as it accrued and the court did not err in imposing the criminal contempt penalty.

■ The burden on Relator with regard to the civil or coercive portion of the judgment is equally onerous, but concerned with a different time frame. Relator must conclusively establish impossibility of performance at the time of commitment to jail. *Ex parte Dustman, supra,* at 410. Thus, the evidence at the hearing must conclusively establish that Relator did not have, and had no source from which he might be expected to obtain, the past due child support. *Ex parte Rohleder, supra,* at 892. Relator cannot be imprisoned if he does not have the means by which he may purge himself of the contempt, because to do so would authorize the trial court to confine him for life. *Ex parte De Wees,* 146 Tex. 564, 210 S.W.2d 145 (1948). The burden on Relator as stated in *Ex parte Hennig,* 559 S.W.2d 401, 402 (Tex.Civ.App.—Dallas 1977, no writ), is conclusive proof "not only that he lacks the financial resources to pay the delinquency, but also that he knows of no source from which the sum might be obtained." The court pointed out that the burden can be carried by proof that Relator: (1) does not have property that can be sold or mortgaged in order to obtain the necessary amount; (2) has unsuccessfully attempted to borrow the necessary amount from fi-

nancial institutions; and (3) knows of no other source, including relatives, from which the necessary amount can be obtained. *Hennig, supra* at 402.

■ On the record before us, we conclude that Relator carried his burden on the civil contempt issue. It is obvious that his net income is not substantial and there is no evidence that he owns assets of any significant value. Additionally, he testified without contradiction that he forsaw "no way in the world" he could then pay the arrearage and that he had examined all of his resources and means and could only pay $125.00 (borrowed from a friend) at the time of the hearing. Thus, the court erred in requiring Relator's continued imprisonment until the arrearage is paid. *Ex parte Gonzales,* 414 S.W.2d 656 (Tex.1967); *Ex parte Rohleder,* 424 S.W.2d 891 (Tex.1967).

We realize that Relator's testimony about his inability to pay, although uncontradicted, is general and conclusory and does not specifically address the three areas discussed in *Hennig, supra.* However, as in *Gonzales, supra* and *Rohleder, supra,* the testimony, if untrue, could have been contradicted, but was not, either directly or circumstantially. While it would be helpful to the courts if the defaulting spouse specifically testifies about the areas discussed in *Hennig,* it is not mandatory that he or she do so. The ultimate question is whether Relator could, on October 26, 1982, pay $3070 in delinquent child support. He said he could not and his former spouse presented nothing to support a contrary conclusion; thus, we must conclude that he conclusively established impossibility of performance at the time of commitment to jail.

Relator is remanded to the custody of the sheriff of Randall County to serve the jail sentence and pay the fine and costs, after which Relator will be released from further confinement under the judgment in question. We are confident our decision will be honored and the writ of habeas corpus will issue only if it is not.