### In the Matter of Joe McLEMORE, Petitioner.

### No. 18508.

Court of Civil Appeals of Texas, Dallas.

Oct. 24, 1974.

Leon Crum, Dallas, for appellant.

Jack B. Cowley, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellee.

BATEMAN, Justice.

This is a petition for habeas corpus brought as an original proceeding in this court pursuant to Tex.Rev.Civ.Stat.Ann. art. 1824a (Vernon Supp.1974).

Petitioner was confined in the Dallas County jail on October 3, 1974, pursuant to an order of the domestic relations court dated August 6, 1974, which found him to be in arrears in the sum of $4,005.00 of child support that he had previously been ordered to pay. The order adjudged him guilty of contempt of court, assessed his punishment at confinement in the county jail for seventy-two hours and a fine of one dollar and costs, and provided that the confinement shall continue until he has purged himself by paying the said arrearage. We admitted him to bail pending our determination of the matter.

Incorporated in the 1970 divorce decree dissolving the bonds of matrimony between petitioner and his wife was a property settlement agreement of the parties which recited *inter alia* that petitioner was to pay $1,000.00 per month for child support. The divorce decree ordered him to pay this child support to the Child Support Officer of Dallas County until the children reached eighteen years of age.

Petitioner's first ground for relief is that the commitment order is void because the court failed to give him credit for moneys expended by him solely for the benefit of his former wife. The order in question orders the payments to be made monthly for the benefit of the children, not the former wife; and moneys expended for the benefit of the former wife would not exonerate petitioner from his liability to pay the amount ordered for the support of his children. The contention is overruled.

His second contention is based upon an alleged oral agreement between himself and his former wife for reduction of the child support payments from $1,000 per month to $500 per month. The parents of minor children do not have the right or power to effect a modification of a court decree without approval of the court. It was the duty of the court to protect the interests of these children and its solemn decrees made in performance of that duty may not be thus diluted. The second contention is also overruled.

Petitioner's third contention is that the commitment order is void because the court refused to give petitioner credit for

moneys expended on the children in a form other than child support. He says that he expended $4,826.85 directly on his children, from July 8, 1970, until September 15, 1973, exclusive of child support paid, and that since then he has continued to furnish the children with an allowance, clothes, and other articles; that he is also obligated to pay $4,000.00 for orthodontic work for the children; and that it was intended, and agreed to by the children's mother, that these expenditures were in lieu of his regular monthly child support payments. He cites Gould v. Awapara, 365 S.W.2d 671, 674 (Tex.Civ.App.—Houston 1963, no writ). That case does not support his present contention, for there the monthly payments were ordered to be made for support of the wife and a child, and the court found that the payments had been made in accordance with the court order; whereas in the case at bar the petitioner admittedly did not make the child support payments to the Child Support Officer, as ordered by the court. Moreover, in *Gould* the former wife agreed that certain payments on behalf of the child were in satisfaction of the judgment; but in the case at bar no showing has been made that the former wife agreed that the payments in question would be in satisfaction of the order requiring him to make the payments directly to the County Support Officer.

■ In our opinion, the extra payments made by petitioner on behalf of his children were made under his common law duty to support his children. That duty was not extinguished or even affected by either the divorce decree or the fact that petitioner no longer has custody of his children. Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872, 874, 35 L.Ed.2d 56 (1973); Lane v. Mangum, 203 S.W.2d 945, 947 (Tex.Civ.App.—Galveston 1947, no writ). The child support ordered under Tex.Rev. Civ.Stat.Ann. art. 4639a (Vernon 1960), or its successor, Tex.Family Code Ann. § 14.05 et seq. (Vernon 1973), V.T.C.A., may be viewed as a court-enforced fulfillment of this common law obligation; but voluntary payments made in fulfillment, or partial fulfillment, of the common law obligation are not necessarily to be offset against the statutory obligation enforced by a court order. Ex parte Holloway, 490 S.W.2d 624, 628 (Tex.Civ.App.—Dallas 1973, no writ). The third contention is overruled.

Petitioner's fourth point is that the trial court erred in sentencing him to jail "for seventy-two hours and to remain thereafter until he purged himself from contempt," since he was financially unable to comply, and consequently powerless to end the indeterminate jail sentence. He relies on Ex parte De Wees, 146 Tex. 564, 210 S.W.2d 145, 147 (1948), wherein the court, speaking through Justice Hickman, said:

Where it is not within the power of a person to perform the act which alone will purge him of contempt, the court is without power to imprison him for an indeterminate term as punishment for an offense already committed.

Petitioner attaches to his petition in this court a "financial statement" setting forth certain corporate and personal liabilities which apparently greatly exceed the assets shown. However, there is no suggestion in the record before us that this information was ever presented to the trial court or any proof offered in support of this contention. We express no view as to the sufficiency of this "statement" as evidence to establish his inability to comply with the court's order, for that fact issue is not properly before us.

■ The contempt order in question is a bifurcated order in that it first assesses a jail term of seventy-two hours for the contempt then found to exist. The petitioner may not escape *that* punishment by showing that his liabilities greatly exceed his assets. The other portion of the order is coercive in that it requires his confinement "thereafter" until certain arrearages shall have been paid. His alleged inability to comply with the court's order must first be presented to the trial court which can weigh the evidence and determine its sufficiency to alleviate the confinement follow-

ing the first seventy-two hour period. The coercive part of the contempt order is void if the evidence adduced *at the trial court hearing* conclusively establishes that *at the time of the contempt hearing* petitioner did not have, and had no source from which he might reasonably be expected to borrow or otherwise obtain, the amount of the arrearage. Ex parte Rohleder, 424 S.W.2d 891, 892 (Tex.1967); Ex parte Gonzales, 414 S.W.2d 656 (Tex.1967); Ex parte Townsley, 156 Tex. 402, 297 S.W.2d 111, 112 (1956); Ex parte Williams, 469 S.W.2d 449 (Tex.Civ.App.—Beaumont 1971, no writ). So far, no such showing has been made in the trial court. The fourth contention is overruled.

■ Petitioner's fifth contention is that the trial court lacked jurisdiction to punish him for contempt because the child support obligation was based upon contractual rather than statutory duty, relying upon Hutchings v. Bates, 406 S.W.2d 419, 420 (Tex.1966), and Mobley v. Mobley, 221 S.W.2d 565, 567 (Tex.Civ.App.—San Antonio 1949, no writ). As we read those opinions, they stand for the proposition that when the parent contracts to pay child support in an amount greater than that required by an order under the statute that part of the obligation which exceeds the amount of such an order is enforceable only in contract and not by contempt. Both opinions recognize, however, that a child-support obligation based entirely upon Tex.Rev.Civ.Stat.Ann. art. 4639a (Vernon 1960), and ordered paid by the divorce decree, is not a "debt" and may be enforced only by contempt proceedings. The contempt order in question here is not weakened by the fact that the divorce decree incorporated the previous agreement of the parents, and this fact does not deprive the court of the power to enforce its order by contempt proceedings. Therefore, the fifth contention is also overruled.

For the reasons given, the requested relief is denied and the petitioner remanded to the custody of the Sheriff of Dallas County, Texas.