**Ex parte John DEAN, Relator.**

**No. 16595.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 9, 1975.

Bruce K. Bornefeld, Houston, for relator.

No brief filed for appellee.

PEDEN, Justice.

Relator, John Dean, brought this original habeas corpus proceeding after being held in contempt and sentenced to jail for three days and until he purged himself of contempt by paying $750, the amount the court found he had failed to pay under a child-support order, plus court costs. He alleges that the child-support order is too uncertain and unclear to be enforced by contempt. We agree.

The order in question modified the child-support provision of the original divorce decree to provide that relator "pay the sum of $200.00 per month for the support of the children, payable one-half on the 1st and 3rd Fridays of each month . . ." At that time two of relator's four children were under eighteen years of age. Now that only one is under eighteen, the relator says he cannot tell whether it requires him to pay $200 each month until his youngest child reaches eighteen or permits him to

reduce his monthly payments to $100 now that the older of the two is eighteen. Under the record in this case and the provisions of the Texas Family Code, § 14.05, the relator has no duty to support any of his children who have reached age eighteen. He contends that he would be supporting a child over the age of eighteen if he could not reduce the $200 payment in half when the older reached age eighteen.

 The court has the power to award lump sum amounts for child support without apportioning a percentage for the support of any one child when there are two or more minor children. *Whatley v. Whatley*, 493 S.W.2d 299 (Tex.Civ.App.1973, no writ). The court also has the power to order relator to pay $200 per month until the younger of two minor children reaches age eighteen. *Garza v. Fleming*, 323 S.W.2d 152 (Tex.Civ. App.1959, writ ref. n. r. e.).

It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him. *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967). The support order in that case was held to be equivocal.

> "It orders, on the one hand, that the support is for 'the three minor children,' but, on the other, it limits the support payments by the further provision, 'until said children attain the age of eighteen years.' It is uncertain whether this means that relator must support his oldest child after reaching eighteen, or whether the support is to continue unreduced for the other children, or whether the support payments should be proportionately reduced."

In our case John Dean was ordered to pay $200 per month for support of the *children,* and § 14.05 of the Texas Family Code limits the relator's obligation to age eighteen. This order is subject to the three possible interpretations we have quoted from *Ex parte Slavin*.

The relator is discharged from custody.