**In re William D. COBBLE, Respondent.**

**No. 1323.**

Court of Civil Appeals of Texas, Tyler.

Nov. 29, 1979.

Rehearing Denied Jan. 3, 1980.

A. D. Henderson, Palestine, for appellant.

Alfred H. Summers, Summers, Summers & House, Palestine, for appellee.

SUMMERS, Chief Justice.

This is an original habeas corpus proceeding. The relator, William D. Cobble, was adjudged to be in contempt of court for violating a provision of a divorce decree construed by the trial court as requiring the payment of child support beyond the age of 18 years.

Respondent, Patricia Ann Cobble, former wife of relator, initiated an action for contempt in the Third Judicial District Court of Anderson County on January 31, 1979, for such alleged violation. The divorce decree provided in part as follows:

> "It is therefore ordered and decreed that the final agreement entered into dated the 30th day of May, 1975, by Petitioner and Respondent concerning the conservatorship, support and right to claim income tax provisions of, for and upon the children of the marriage is hereby approved and incorporated into this Decree by reference."

The final agreement, incorporated by reference into the divorce decree, contains the following pertinent provision upon which this action is predicated:

> "The Husband shall pay into the Registry of this Court for the support and management of said children, the sum of $150.00 per child per month until each of said children is married or *finishes school,* whichever shall occur first, but not later than the 21st birthday of each of said children." (Emphasis added.)

Mark Dwayne Cobble, the eldest child of the marriage, attained the age of eighteen years on February 5, 1978. Relator continued to pay child support until said child

graduated from high school in May of 1978. No child support payment has been made for Mark Dwayne Cobble by relator since the month of June, 1978. Said child, at the time of the contempt hearing was 19 years of age, unmarried, had begun and was continuing to attend college.

On March 9, 1979, a hearing was had on petitioner's contempt motion before the court. The court found relator to be in contempt of court for not complying with the support agreement between the parties and committed him to jail for three days and until he purged himself of contempt by paying $1,500.00, this being the amount of arrearage which the court found had not been paid by relator under the child support agreement. Although the order sustaining the motion for contempt was signed June 27, 1979, the execution of said commitment was suspended pending an application for review by a writ of habeas corpus to this court.

Relator's application is predicated upon two points of error. In his first point he complains that the trial court erred in ordering him confined to jail for the reason that same constitutes imprisonment for debt in violation of Section 18, Article 1 of the Texas Constitution. That constitutional provision is as follows: "No person shall ever be imprisoned for debt."

Among the statutes governing child support are Sections 14.05, 14.06 and 14.09 of the Texas Family Code.[1]

Section 14.05 is a successor statute to Article 4639a, V.A.T.S., and in the following pertinent part contains substantially the same provision found in Article 4639a:

"(a) The court may order either or both parents to make periodic payments or a lump-sum payment, or both, for the support of the child until he is 18 years of age in the manner and to the persons specified by the court in the decree. . ."

Section 14.05(b), not applicable to this case, provides that "If the court finds that the child . . . requires continuous care and personal supervision because of a mental or physical disability and will not be able to support himself, the court may order that payments for the support of the child shall be continued after the 18th birthday and extended for an indefinite period."

Section 14.06 permits written agreements for support, and provides:

"(d) Terms of the agreement set forth in the decree may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as contract terms unless the agreement so provides."

Section 14.09(b) carried forward the provision in Article 4639a authorizing the court to enforce child support by contempt proceedings. This subsection reads as follows:

"(b) a court may enforce an order for support as provided in Rule 308A of the Texas Rules of Civil Procedure or any subsequent version of the rule promulgated by the supreme court."

Section 14.09(c), not applicable in this case, provides a procedure whereby a party entitled to receive payments for the benefit of a child may obtain judgment against the defaulting party and enforce same by any means available for the enforcement of judgments for debts.

Rule 308–A provides the procedure, referred to in Section 14.09(b) above, for enforcing child support orders by contempt proceedings where the court has ordered periodical payments for the support of a child or children as provided in the statutes.

■ We now hold, as the Supreme Court did in construing Article 4639a, that Section 14.05(a) and (b) and Section 14.09(b), when considered together, set forth the source and limit of judicial power to order relator to pay child support, and that, absent the special circumstances set forth in Section 14.05(b), the statutes authorize an order for the payment of support until a child reaches

---

1. This and all other statutory references are to Tex.Family Code Ann. (1975) unless otherwise noted.

the age of eighteen years, but not beyond. *Ex parte Williams,* 420 S.W.2d 135, 136 (Tex.1967).

■ Furthermore, following the holding and reasoning of the court in *Ex parte Hatch,* 410 S.W.2d 773, 776 (Tex.1967) we hold that if the decree incorporates an agreement between the parents as to child support (as in this case), the decree is enforcible by contempt only to the extent authorized by statute; and that part of the decree which goes beyond the authorization of the statutes is enforcible only by the ordinary processes of law. *Mobley v. Mobley,* 221 S.W.2d 565, 567–568 (Tex.Civ.App.—San Antonio, no writ); See Sections 14.-06(d) and 14.09(c).

■ In the instant case, the enforcement of child support payments beyond the statutory authority of eighteen years by contempt proceedings would constitute imprisonment for debt. Relator's first point of error is sustained.

■ We will next address relator's second point of error in which relator contends the order of contempt entered by the trial court is based upon a provision in the divorce decree that is ambiguous. We find merit in this contention. That part of the decree complained about is set out above. The controversy arises over what is the meaning of the phrase "finishes school"; whether such means high school or college. At the time of the agreement, the older child was just starting high school, and the younger child was in elementary school.

It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him. *Ex parte Slavin,* 412 S.W.2d 43, 45 (Tex.1967); *Ex parte Juan J. Gorena,* 595 S.W.2d 841 (Tex.1979); *Ex parte Shelton,* 582 S.W. 637, 638 (Tex.Civ.App.—Dallas 1979, no writ); *Ex parte Dean,* 529 S.W.2d 585, 586 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). The underlying reason for this rule is that where the parties under a mandatory judgment could be subjected to punishment as contemnors for violating its provisions, such punishment should not rest upon implication or conjecture, but the language declaring such rights should be clear, or imposing burdens specific and unequivocal so that the parties may not be misled thereby. *Ex parte Slavin,* supra at 44; *Plummer v. Superior Court of the City and County of San Francisco,* 20 Cal.2d 158, 124 P.2d 5 (1942).

Relator contends the provision concerning child support until each child "finishes school" was meant to mean high school, while respondent Mrs. Cobble, now Mrs. Banks, contends that the phrase means college. We are of the opinion the decree is fairly susceptible to more than one meaning, and we are unable to say that the order can be readily understood. The ambiguity of the order renders it unenforceable. Relator's second point of error is sustained.

■ The respondent's brief contains a motion stating that the trial court, having awarded attorney fees to the attorney appointed under Rule 308–A, T.R.C.P., did not consider and award fees in the event relator appealed and/or filed a writ of habeas corpus; and requested that additional attorney fees for services performed in the habeas corpus proceedings be set by this court or remanded to the trial court for hearing and further action thereon. The allowance of attorney fees under Rule 308–A is discretionary with the trial court. The trial court's judgment made no provision for the allowance of attorney's fees for respondent's counsel for this appeal, and this court is without authority to determine an issue not considered or passed upon by the trial court. We are limited to a determination of questions affecting the correctness of the judgment rendered by the court below. *Van Hoose v. Moore,* 441 S.W.2d 597, 619 (Tex.Civ.App.—Amarillo 1969, writ ref'd n. r. e.); *Volkmer v. Chase,* 354 S.W.2d 611 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.).

Writ of habeas corpus is granted, and relator is ordered discharged.