Mary Cruz Rabago SMITH, Appellant,

v.

Tony RABAGO, Appellee.

No. A14–82–848CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 17, 1984.

Mark W. Stevens, Martin, Carmona, Cruse & Micks, Galveston, for appellant.

Tony Rabago, pro se.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from the court's ruling on appellant's motion to reduce unpaid child support to judgment. Appellant raises three issues: whether a court can offset the obligation of child support with imputed rentals; whether a clause in a divorce decree is unenforceable when it requires a wife to forfeit her term of years in her husband's separate property homestead simply because she remarries; and whether certain terms of a support decree modification are vague and incapable of being effectively enforced. For reasons discussed more fully below, we reverse the judgment.

Appellant and appellee were divorced in 1974, with appellant retaining custody of their two-year-old daughter. In the divorce decree the court indicated that the homestead was appellee's separate property, but reserved the use and occupancy of the homestead to appellant until their child reached the age fourteen on April 20, 1986, or until appellant died or remarried, either by ceremony or at common-law. Appellant remained on the homestead until April of 1982.

In June, 1982, appellant filed a motion to reduce child support to judgment claiming appellee was $7,255.00 in arrears. Two months later, she moved for an increase in child support. In the meantime, appellant also filed a declaration of marriage stating that she remarried on February 10, 1977. Based on this declaration, appellee answered appellant's motions with a cross-action alleging appellant was in wrongful possession of the homestead from the date of her marriage until she and her new husband moved out in April of 1982. He sought $12,400.00 in back rent.

After a hearing, the court found that appellee was in arrears $7,000.00 in child support; and that between February 10, 1977 and April 19, 1982, appellant derived benefits worth $7,000.00 for the use and occupancy of the house. The trial judge denied recovery to either party and increased appellee's child support obligation to $50.00 per week for weeks when he was employed and $25.00 per week when he was unemployed.

The first issue raised by appellant is whether it is proper to offset arrearages in child support against the imputed rentals due for the time in which appellant was in wrongful possession of the homestead. While this is a case of first impression, we are not without some appellate guidance in our decision. *See In re McLemore*, 515 S.W.2d 356, 357 (Tex.Civ.App.—Dallas 1974, no writ). In *McLemore*, a man was jailed for contempt of court for failure to pay child support. He argued that his com-

mitment order was void because it failed to give him credit for amounts expended for the benefit of his former wife. The court of appeals held that those amounts expended for the benefit of the former wife did not exonerate him of his obligation to pay court ordered child support. *Id.* Other general case law is similarly persuasive. Child support payments are necessarily a unique obligation, ordered specifically to fulfill the needs of any children of the marriage. *See* Tex.Fam.Code Ann. § 14.05 (Vernon 1975 & Supp.1984); *Poynter v. Haik*, 580 S.W.2d 114 (Tex.Civ.App.—Tyler 1979, no writ). Additionally, set-off is proper only when the demands of the parties are mutual. *Brook Mays Organ Co. v. Sondock*, 551 S.W.2d 160, 166 (Tex.Civ. App.—Beaumont 1977, writ ref'd n.r.e.). The demands must not only be due the same parties, but must also be due in the same capacity or right. *Id. See Rose v. Motes*, 220 S.W.2d 734, 736 (Tex.Civ.App.— Galveston 1949, no writ).

■ Applying these rules to the instant cause, we find that the offset here was improper. The judge offset child support, a payment which is *exclusively* for the benefit of the child, against rentals, which benefitted the mother, child, and anyone else residing on the property. Because of the special nature of child support payments, we cannot say that the demands of appellant and appellee were mutual. Further, the integrity of enforcement procedures for child support awards should not be compromised by money judgment offsets unless such offsets are exclusively applicable to the support of the child. Therefore, appellant's first point of error is sustained.

■ Appellant next contends that the clause in the divorce decree granting her a term of years in the homestead, but requiring her to "forfeit" her occupancy of the same should she remarry, is unenforceable as a restraint on marriage. This contention is without merit. Courts are free to award the use and occupancy of a husband's separate property homestead to the wife. *Bush v. Bush*, 237 S.W.2d 708, 710 (Tex.Civ.App.—Amarillo 1950, no writ). This is a particularly attractive option when it is in the best interest of the child to remain and be raised on the family homestead. *Girard v. Girard*, 521 S.W.2d 714, 719 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). Furthermore, setting the homestead aside until the wife remarries is also permissible. *See Maisel v. Maisel*, 312 S.W.2d 679, 684 (Tex.Civ.App.—Houston 1958, no writ). This arrangement maintains a stable environment for the child until such time as a similar environmental option is available through remarriage. Thus, while the clause may technically constitute a "restraint on marriage," public policy considerations dictate that we uphold the provision as enforceable. *See generally Southwestern Bell Telephone Co. v. Gravitt*, 551 S.W.2d 421, 427 (Tex.Civ.App. —San Antonio 1976, no writ).

■ In her final point of error, appellant argues that the modified support decree which increased appellee's child support payments was vague and ambiguous, and therefore incapable of being effectively enforced. The objectionable order directed appellee to pay $25.00 per week during periods of unemployment and $50.00 per week during periods of employment. It is well-settled that a divorce decree must delineate the terms of compliance with the decree in clear, specific and unambiguous terms so that the parties will readily know exactly what duties are imposed on them. *In re Cobble*, 592 S.W.2d 46, 49 (Tex.Civ. App.—Tyler 1979, writ dism'd). Although the decree here does not specify a definition of or a means of establishing "employment" or "unemployment," this failure does not diminish the clarity of the court's order. "Employment" and "unemployment" are unambiguous terms and not susceptible to multiple meanings. This point of error is overruled.

Because of the improper offset between child support and rental payments, the judgment is reversed and the cause remanded.