**Ex parte Leroy ROBERTSON.**

**No. 01–94–0263–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 28, 1994.

Paul R. Robertson, Houston, for relator.

Before DUGGAN, O'CONNOR and HEDGES, JJ.

## OPINION

PER CURIAM.

The relator, Leroy Robertson, complains of a trial court order holding him in contempt for failure to pay child support and committing him to custody. The order was signed on March 8, 1994, after an earlier evidentiary hearing. The order implicates both civil and criminal contempt. *See Ex parte Papageorgiou,* 685 S.W.2d 776, 778 (Tex.App.—Houston [1st Dist.] 1985, orig. proceeding). The order states that the relator, as "punishment" for his separate violations of the child support order, "is assessed ... confinement in the county jail ... for ... 40 days in the Harris County jail ..." (criminal contempt). It also states that the relator "shall thereafter be further confined in the county jail of Harris County, Texas, until" he has paid the arrearage (civil contempt). The relator was taken into custody on March 8.

The relator advances one ground for relief—a present "complete inability" to pay his child support arrearage. He argues that he is not currently able to pay, i.e., that, regardless of whether he was able to pay at the time he was adjudged to be in contempt in the trial court, he cannot presently pay and thus purge himself of the contempt.

■ At the time of this opinion, the relator is still serving the criminal contempt part of his sentence. A relator's current inability to pay does not affect his obligation to serve the criminal contempt portion of his sentence. *Ex parte Occhipenti,* 796 S.W.2d 805, 810 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding). The relator's current inability to pay the arrearage is therefore no defense to the criminal contempt.

■ Because the sentence for criminal contempt is valid, it would be premature for us to address the validity of the civil portion of the order. *Occhipenti,* 796 S.W.2d at 810. The last day of the criminal contempt part of the relator's sentence is April 16. After that day, he may refile his motion for leave to file petition for habeas corpus if the trial court

continues to confine him under the civil portion of the contempt order. *See id.* We will then consider the civil part of that order.

For now, because the relator is still serving the criminal portion of his sentence, we overrule the motion for leave to file.