TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00730-CV






Don A. Bobo, Appellant



v.



Jennifer L. Womble, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 91-286-F368, HONORABLE BURT CARNES, JUDGE PRESIDING 






 Don Bobo appeals from a child support enforcement order finding him liable for
unpaid child support. Bobo contends that the district court erred in holding (1) he was not entitled
to a credit or offset for prepayment of child support, and (2) he waived his claim for a credit or
offset for prepaid child support. We will affirm the district court's order. 


Background


 Bobo and Jennifer Womble were divorced in September 1991. They have one
child. The divorce decree named Womble managing conservator and Bobo possessory
conservator. The decree provided that Bobo would pay to Womble $50 per week (or $216 per
month) as child support beginning September 6, 1991. The decree required Bobo to make all
child support payments through the child support registry of the district clerk's office of
Williamson County. 


 On September 2, 1992, at a time when Bobo was current in his payments, Womble
moved to modify child support requesting (1) an increase in Bobo's support payments, and (2) that
Bobo provide and pay for health insurance for their child. On January 20, 1994, without a court
order, Bobo voluntarily increased his payments and began paying $65 per week into the child
support registry rather than the court-ordered $50 per week. After three years, on November 23,
1994, the court signed an agreed order of modification whereby Bobo would provide and pay for
health insurance for their child. This agreed order did not address any increase in child support
payments. Although Bobo was obligated to pay only $50 per week in court-ordered child support, 
he continued to pay $65 per week into the district clerk's child support registry. 

 On September 22, 1998, Womble again moved to modify child support payments,
requesting an increase in Bobo's monthly payments; Bobo was current in his child support
payments as of that date. Womble and Bobo reached an agreement and on January 28, 1999, the
district court signed an order requiring Bobo to pay $638 per month as child support beginning
October 1, 1998. (1) 

 On April 23, 1999, Womble filed a motion for enforcement of child support. She
alleged that Bobo violated the January 28 order by failing to pay $638 per month as child support
since October 1998. She alleged that Bobo's total arrearage at the time of filing the motion was
$1,890. She requested that the court reduce the arrearage to a judgment plus interest, hold Bobo
in contempt, and order Bobo to pay her attorney's fees. Bobo answered the motion asserting a
general denial and requesting that the court impose sanctions against Womble for a frivolous and
harassing filing. 

 Following a hearing, the district court signed an order on August 26, 1999, holding
that Bobo was in arrears $2,379.23. The district court found that Bobo had paid the following:
(1) October 1998, $216; (2) November 1998, $216; (3) December 1998, $216; (4) January 1999,
$420; (5) February 1999, $0; and (6) March 1999, $360. The court noted that Bobo did not plead
or prove an affirmative defense to non-payment of the child support the January 1999 order
required him to pay. Further, after determining that Bobo intentionally failed to comply with the
January order, the court held him in contempt. The court allowed Bobo 48 hours to pay Womble
the back child support and $1,000 as attorney's fees to avoid the contempt finding. Bobo paid the
back child support and attorney's fees into the registry of the court pending this appeal. 

 The district court filed findings of fact and conclusions of law. The court found
that (1) Bobo paid $50 per week through the district clerk's office as originally ordered from
September 6, 1991 through January 20, 1994; (2) Womble approached Bobo about going to court
and seeking an increase in child support and Bobo agreed, informally, to pay Womble $65 per
week beginning January 20, 1994; (3) Bobo paid $65 per week through the district clerk's office
from January 20, 1994 through September 28, 1998; (4) at the time of the informal increase
Bobo's income had increased to the point that the presumed statutory guidelines for child support
exceeded $65 per week; (5) by September 28, 1998, Bobo had paid through the district clerk's
office $3,610 more child support than he was required to pay by court order; (6) this sum was less
than the support that would have been required had Womble earlier pursued a court-ordered
modification of child support payments due to Bobo's increased salary; (7) Womble moved to
modify child support payments on September 22, 1998, and the court signed an agreed order
which increased Bobo's child support payments to $638 per month in accordance with the
statutory guidelines; (8) before signing the agreed order on September 22 Bobo did not assert a
credit for overpayment of $3,610; and (9) Bobo believed that by including the phrase, "The Court
does not by this Order enter any finding or any delinquencies or credits toward the child support
obligation which may exist in this cause" in the January 28, 1999 order he could subsequently
claim a credit for the informally agreed child support overpayments of $3,610. The district court
concluded that Bobo violated the January 1999 order by failing to pay monthly child support of
$638 per month since October 1998. Additionally, the district court concluded that based on the
phrase in the January 1999 order, Bobo waived any claim for a credit. 


Discussion


 In his first issue, Bobo contends that the district court erred in holding he was not
entitled to claim a credit or offset for prepayment of child support. Bobo contends that adding
up all of the child support payments he made through the district clerk's registry he had paid
$24,551.85. The total amount due, he argues, under the original divorce decree and the January
1999 order was $23,390. Bobo contends, consequently, he has paid more child support than he
owed and he is entitled to a credit or offset for the difference. He argues that the court was
required to give him credit for the overpayments he made before the January 1999 order. We
disagree.

 First we note that Womble and Bobo informally agreed that Bobo would pay $65
per week as child support. Parents of minor children, however, do not have the right or power
to effect a modification of a court order regarding child support without approval of the court. 
In re McLemore, 515 S.W.2d 356, 357 (Tex. Civ. App.--Dallas 1974, no writ). It is the court's
duty "to protect the interests of children and its decrees made in performance of that duty may not
be thus diluted." Id. In this case, consequently, without a court order approving Womble's and
Bobo's out-of-court agreement that Bobo would pay $65 per week as child support their informal
agreement is not enforceable. 

 There are instances when a child support obligor may plead a credit or an offset
as an affirmative defense to an enforcement action. A money judgment for an arrearage rendered
by a district court may be subject to a counterclaim or offset as provided by chapter 157 of the
Family Code. See Tex. Fam. Code Ann. § 157.262(b) (West 1996). The Family Code provides
that a child support obligor may plead as an affirmative defense to a motion for enforcement of
child support that the obligee voluntarily relinquished to the obligor actual possession and control
of a child for a time period in excess of any court-ordered periods of possession and during that
time the obligor supplied support for the child. See Buzbee v. Buzbee, 870 S.W.2d 335, 338-40
(Tex. App.--Waco 1994, no writ); Tex. Fam. Code Ann. § 157.008 (a),(b) (West 1996).

 Bobo did not plead an affirmative defense and there is no indication in the record
that the section 157.008 statutory affirmative defense is at issue. Indeed, Bobo did not provide
nor have we found authority for the proposition that previously made, excessive contributions for
child support must be credited by the trial court in a child support enforcement action. A parent
may always voluntarily provide more support for a child than is required by court order. See
Lewis v. Lewis, 853 S.W.2d 850, 854 (Tex. App.--Houston [14th Dist.] 1993, no writ) (citing
McLemore, 515 S.W.2d at 358). "Voluntary payments made in fulfillment of the common law
obligation are not necessarily to be offset against the statutory obligation enforced by a court
order." McLemore, 515 S.W.2d at 358. We do not accept Bobo's proposition that an obligation
to make child support payments is somehow like a commercial installment contract for which
prepayments can be taken into account. See Norman v. Norman, 683 S.W.2d 548, 551 (Tex.
App.--Fort Worth), rev'd, 692 S.W.2d 655 (Tex. 1985) (reversed as court of appeals had no
jurisdiction over order finding party not in contempt). Bobo made the $15 weekly overpayments
from January 1994 until October 1998 under the original order, before the court modified its
ruling and ordered him to begin paying an increased sum as child support. When Bobo made the
weekly $15 overpayments he never once designated the overpayment portion as child support to
be applied in the future. There is no evidence to show that the weekly overpayments were
anything but voluntary contributions of support by a father for his child. We hold that Bobo's
gratuitous decision to pay more child support than he was required to do did not alter his
obligation to comply with the later court order requiring him to pay future support of a certain
sum on a date certain.

 Once the January 1999 order was signed, Bobo was liable to pay as future child
support $638 on the first day of each month beginning October 1, 1998. Because Bobo failed to
pay this monthly sum, he was in arrears for each month he paid less than the court-ordered $638
amount. The district court did not err in rendering a money judgment for Bobo's arrearage of
$2,379.23. Bobo's first issue is overruled.

 In his second issue, Bobo contends that the district court erred in holding that he
waived his claim of a credit or offset for overpayment of child support. Because we have
determined that Bobo voluntarily overpaid his child support and that he is not entitled to a credit
or offset for any overpayment, it is unnecessary for us to address his second issue. Bobo's second
issue is overruled. 

 We affirm the district court's order. 



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: July 13, 2000

Do Not Publish 
1.   The court increased the support payments retroactively because October 1998 was the first
month after Womble filed the motion to modify. Additionally, the $638 amount was within the
applicable statutory child support guidelines. See Tex. Fam. Code Ann. § 154.125 (West 1996).



a modification of a court order regarding child support without approval of the court. 
In re McLemore, 515 S.W.2d 356, 357 (Tex. Civ. App.--Dallas 1974, no writ). It is the court's
duty "to protect the interests of children and its decrees made in performance of that duty may not
be thus diluted." Id. In this case, consequently, without a court order approving Womble's and
Bobo's out-of-court agreement that Bobo would pay $65 per week as child support their informal
agreement is not enforceable. 

 There are instances when a child support obligor may plead a credit or an offset
as an affirmative defense to an enforcement action. A money judgment for an arrearage rendered
by a district court may be subject to a counterclaim or offset as provided by chapter 157 of the
Family Code. See Tex. Fam. Code Ann. § 157.262(b) (West 1996). The Family Code provides
that a child support obligor may plead as an affirmative defense to a motion for enforcement of
child support that the obligee voluntarily relinquished to the obligor actual possession and control
of a child for a time period in excess of any court-ordered periods of possession and during that
time the obligor supplied support for the child. See Buzbee v. Buzbee, 870 S.W.2d 335, 338-40
(Tex. App.--Waco 1994, no writ); Tex. Fam. Code Ann. § 157.008 (a),(b) (West 1996).

 Bobo did not plead an affirmative defense and there is no indication in the record
that the section 157.008 statutory affirmative defense is at issue. Indeed, Bobo did not provide
nor have we found authority for the proposition that previously made, excessive contributions for
child support must be credited by the trial court in a child support enforcement action. A parent
may always voluntarily provide more support for a child than is required by court order. See
Lewis v. Lewis, 853 S.W.2d 850, 854 (Tex. App.--Houston [14th Dist.] 1993, no wr