Petition for Writ of Habeas Corpus Denied; Emergency Relief Denied, and
Memorandum Opinion filed December 23, 2003














Petition for
Writ of Habeas Corpus Denied; Emergency Relief Denied, and Memorandum Opinion
filed December 23,
 2003.

 

 

In The

 

Fourteenth Court
of Appeals

____________

 

NO. 14-03-01333-CV

____________

 

IN RE GEORGE
A. HORAN , Relator

 

 

__________________________________________

 

ORIGINAL PROCEEDING

WRIT OF HABEAS CORPUS

 

__________________________________________

 

M E M O R A
N D U M   O P I N I O N

            On November 26, 2003, relator,
George A. Horan, filed a petition for writ of habeas corpus
seeking release from jail, where he has been sent for contempt of court.  See
Tex. Gov’t
Code Ann. § 22.221(d) (Vernon Supp.
2000); Tex. R. App. P. 52.  In three issues, Horan contends he is
entitled to unconditional release from jail because (1) the child support
obligations for which he was found in contempt were resolved previously by a
Rule 11 agreement; (2) the trial court violated his due process rights by
prohibiting him from presenting evidence in support of an affirmative defense;
and (3) the trial court violated his due process rights by refusing to allow
him to make a bill of exceptions about the Rule 11 agreement.  We deny Horan’s petition for writ of habeas
corpus and his request for emergency relief.

Background

            Horan
and his ex-wife, Katherine Grigsby, divorced in December 1995.  The final decree named Grigsby as managing
conservator of the couple’s four children and obligated Horan to pay child
support, actual costs of medical insurance premiums for the children, and fifty
percent of uninsured health care expenses. 
Horan continually failed to make the ordered payments.  In May 2002, Horan’s ex-wife filed a motion
to enforce and set it for hearing in August 2002.  On August 1, 2002, the parties passed the
enforcement hearing and reached a Rule 11 agreement under which Horan was to
pay a total of $50,000 by November
 14, 2002.  Under the
Rule 11 agreement, Horan also received a credit and reduced monthly child
support obligations for the future. 
Horan did not comply with the deadlines in the Rule 11 agreement.  

            In March 2003 and October 2003,
Horan’s ex-wife filed a second and third motion to enforce by contempt.  Horan responded to his ex-wife’s pleadings by
seeking declaratory judgment on the Rule 11 agreement and credit towards his
child support arrearage for months that two of the children lived with
him.  In hearings on these issues on
November 17 and 19, 2003, the trial court found that it had not rendered
judgment on the Rule 11 agreement, dismissed Horan’s motion for declaratory
judgment, held an evidentiary hearing on the motion to enforce, gave Horan credit
towards his child support obligations for periods that his children lived with
him, found that Horan was $79,330.81 in arrearage for child support and medical
insurance premiums, and found Horan in contempt for each of his failures to
pay.  The trial court reduced the
$79,330.81 arrearage to judgment, awarded attorney’s fees to Horan’s ex-wife,
and sentenced Horan to sixty days’ confinement for each count of contempt, to
run concurrently.  Lastly, the trial
court found Horan in civil contempt and ordered that his confinement continue
past the sixty days until he pays his child support arrearage and his ex-wife’s
attorney’s fees in full.  




Rule 11 Agreement

            In
his first issue, Horan contends that his child support obligations were
previously resolved by the Rule 11 agreement that he and his ex-wife
signed.  Parents do not have the power to
effect a modification of a court order regarding child support without approval
of the court.  In re McLemore, 515 S.W.2d 356, 357 (Tex. Civ.
App.—Dallas 1974, no writ).  Under
section 154.124 of the Family Code, if a trial court finds that such an
agreement is in a child’s best interest, the court shall render an order in
accordance with the agreement.  Horan
argues that the trial court twice rendered the Rule 11 agreement as an order of
the court. 

            First, Horan contends the trial
court rendered during a hearing on November 14, 2002. 
He contends the trial court threatened him with jail if he did not
comply with the Rule 11 agreement by instructing him, “Bring the $40,000 by
November 21st or bring your toothbrush.” 
Although a judgment can be rendered orally, this hearing was not
recorded by a court reporter; thus, there is no record of an oral rendition.  Horan cites the trial court’s docket entry as
proof that the court rendered on November 14: “Pass hearing–reset 11-21-02 @ 10am–$40,000.00 to be paid per Rule 11
agreement.”  However, a docket entry does
not suffice as a written order.  See Smith v. McCorkle, 895 S.W.2d 692,
692 (Tex. 1995).

            Second, Horan relies on the
following statement by an associate judge as proof that the trial court
rendered judgment orally upon the Rule 11 agreement: “Judge Galik
says that she had rendered on this matter on the Rule 11 Agreement and that
she’s waiting on an order on the Rule 11 agreement.”  Rendition is a judicial act by which the
court declares the decision of law upon matters at issue.  W.C.
Banks, Inc. v. Team, Inc., 783 S.W.2d 783, 785 (Tex. App.—Houston [1st
Dist.] 1990, no writ).  The associate
judge’s remark is simply a second-hand reference to an alleged rendition.  There is no reporter’s record of an oral
ruling by the trial court.  Further,
there is no written order by the trial court accepting, adopting, or enforcing
the Rule 11 agreement.  In a later
hearing, the trial court specifically denied rendering upon the Rule 11
agreement: “This Court didn’t approve and adopt that as an order.”

            Because the trial court did not
render an order in accordance with the Rule 11 agreement, and because the trial
court’s approval was necessary for the Rule 11 agreement to supplant the final
decree’s provisions, we disagree that Horan’s child support obligations were
resolved by the Rule 11 agreement.  We
overrule issue one.

Affirmative Defense Evidence

            In
his second issue, Horan contends that his due process rights were violated by
the trial court’s refusal to permit evidence of his inability to pay.  Procedural due process requires reasonable
notice of the charges alleged with a reasonable opportunity to meet the charges
by defense or explanation.  In re Houston, 92 S.W.3d 870, 876 (Tex.
App.—Houston [14th
Dist.] 2002, orig. proceeding).  In the
contempt hearing, Horan asked one witness, “Are you familiar with your
brother’s income producing activities since 1995?”  Horan’s ex-wife objected that the affirmative
defense of inability to pay had not been pleaded.  The court sustained the objection.

            Under the Family Code, inability to
pay child support is an affirmative defense in a contempt proceeding:  “An obligor may plead as an affirmative
defense to an allegation of contempt . . . that the obligor: (1) lacked the
ability to provide support in the amount ordered.”  Tex. Fam. Code Ann. § 157.008(c) (Vernon 2002).  Under the rules of civil procedure, an
affirmative defense must be pleaded.  Tex. R. Civ. P. 94;
see Quantum Chem. Corp. v. Toennies, 47
S.W.3d 473, 481 (Tex. 2001); Nowak v. DAS Inv. Corp., 110 S.W.3d
677, 680 (Tex. App.—Houston [14th
Dist.] 2003, no pet.).  Horan contends
that because a contempt proceeding is quasi-criminal, see Ex parte Johnson, 654 S.W.2d 415, 420
(Tex. 1983), the
rules of criminal procedure apply instead of the rules of civil procedure.  He argues that under criminal law,
affirmative defenses need not be pleaded. 

            Regardless of whether civil
procedure rules apply to contempt proceedings, Horan must demonstrate an actual
violation of his right to due process. 
The record before this court reflects that Horan attempted to
cross-examine only one witness about his alleged inability to pay.  He called no witnesses during his
case-in-chief.  He did not make an offer
of proof on his alleged inability to pay, nor did he request the opportunity to
make such an offer.  

            Claims of error, including due
process violations, may not be predicated on the exclusion of evidence if the
record does not show what the evidence would have been.  See
Tex. R. Evid. 103;
McIntosh v. State, 855 S.W.2d 753,
760 (Tex. App.—Dallas 1993, pet. ref’d) (no due
process violation where defendant failed to make offer of proof); Siegel v. State, 814 S.W.2d 404, 410-11
(Tex. App.—Houston [14th Dist.] 1991, pet. ref’d) (no
due process violation where defendant was free to make an offer of proof or
bill of exception, but did not); In re McAda, 780 S.W.2d 307, 313 (Tex. App.—Amarillo 1989,
writ denied) (no violation of procedural due process in termination of parental
rights proceeding where mother failed to make a bill of exceptions); see Reyes
v. State, 84 S.W.3d 633, 638 (Tex. Crim. App.
2002) (in claim of due process violation, defendant made bill of exceptions
regarding mitigating evidence excluded by trial court); Ex parte Luster, 2002 WL 31618423, at *1
(Tex. App.—Amarillo Nov. 20, 2002, orig. proceeding) (not designated for
publication) (wife tendered evidence regarding inability to comply with
possession order in a bill of exceptions); cf.
Rogers v. State, 640 S.W.2d 248, 264
(Tex. Crim. App. 1981) (holding that procedural due
process complaints are subject to waiver under ordinary preservation-of-error
rules); Ex parte
Alakayi, 102 S.W.3d 426, 434 (Tex. App.—Houston
[14th Dist.] 2003, pet. filed) (probationer’s due process rights not violated
where he received a hearing and failed to request permission to introduce
additional evidence).

            Further, an offer of proof was
necessary here because the substance of the evidence was not apparent from the
context of the one question asked by Horan’s counsel, “Are you familiar with
your brother’s income producing activities since 1995?”  See
Tex. R. Evid. 103(a)(2).  To establish a defense to civil contempt,
there must be evidence that the person ordered to pay does not now have, and
has no source from which to obtain, the amount in arrears.  See Ex parte Williams, 704 S.W.2d 465, 467 (Tex. App.—Houston
[1st Dist.] 1986, orig. proceeding). 
However, current inability to pay is no defense to criminal
contempt.  Ex parte Robertson, 880 S.W.2d 803, 803
(Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).  As a defense to criminal contempt, the person
ordered to pay must show inability to pay at each time payment accrued.  Ex parte Ramon, 821 S.W.2d 711, 713 (Tex. App.—San Antonio
1991, orig. proceeding).  “If he fails to
carry that burden as to even one delinquent payment, the criminal contempt
judgment is not void.”  Id.

            Here, the context of Horan’s question
did not set forth his inability to pay each time a payment accrued or his
present inability to pay.  Thus, he was
required to make a bill of exceptions or offer of proof.  Without such proof, his claim of due process
violation fails.  We overrule issue two. 

Bill of Exceptions

            In
his third issue, Horan contends that the trial court violated his due process
rights by refusing to allow him to make a bill of exceptions about the Rule 11
agreement.  In the contempt hearing,
Horan attempted to cross-examine his ex-wife about the Rule 11 agreement.  The trial court explained to Horan that the
court already had addressed the Rule 11 agreement in a separate hearing before
the contempt hearing began.  When Horan
asked to create a bill of exceptions, the trial court told him repeatedly that
he could make a bill of exceptions later, after the contempt hearing.[1]  Nothing
in the record indicates that Horan objected to the trial court’s scheduling or
that Horan later attempted to make a bill of exceptions.  Because the trial court did not prevent
Horan’s bill of exceptions and because Horan did not object to the court’s
ruling as to timing, we overrule issue three.

            Having overruled all three issues,
we deny relator’s petition for writ of habeas corpus and his request for
emergency relief.

                                                                                                PER
CURIAM

Petition
Denied and Memorandum Opinion filed December 23, 2003.

Panel
consists of Justices Edelman, Frost, and Guzman.

 











            [1] “[Y]our Bill you can do later. . . .
[A]ny Bills you’re going to do, Counsel, on the
hearing that we held prior to this contempt trial starting–you can do any Bills
you want but not during my trial time. 
We’re running on a tight schedule as you know. . . . [Y]ou can do that later whenever my court time is not being
taken up.”  Later, the trial court again
explained, “Again, Counsel, whenever this trial is over, the Bill that you want
to put on for something prior, you can do it later.  I’m not saying that you can’t do it, but not
during my trial because that hearing has been had and ruled on.”